UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 12-cr-10025 |
| ) | |
| LYNCH E. ARTHUR, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                         September 30, 2023

**I.      Introduction**

Pending before the Court is the motion of Defendant Lynch E. Arthur ("Arthur") for *habeas* relief (the "Petition") under 28 U.S.C. § 2255. D. 223. Having considered the Petition and supporting documents, D. 223-24, the government's opposition, D. 232, and for the reasons stated herein, the Court DENIES the Petition.

**II.     Standard of Review**

   **A.    Standard of Review in *Habeas* Cases**

Under § 2255, an incarcerated individual may move to vacate their sentence if it "(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426–27 (1962)). The petitioner carries the burden to make out a claim for such relief. Id. (citation omitted).

### III.      Factual and Procedural Background

On March 13, 2013, Arthur pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count I); using and carrying a firearm during and in relation to a crime (namely, the Hobbs Act robbery) in violation of 18 U.S.C. § 924(c)(1)(A) (Count II); and being a felon in possession of firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count III).  D. 76, 79.  These charges arose out of the robbery of a MetroPCS cellular phone store in Dorchester, Massachusetts on October 31, 2011.  D. 146 at 18-19.  On that day in the late morning, Arthur and his co-defendant, Ronald Brown ("Brown"), both armed, entered the store and encountered the sole clerk working there.  Id.  After brandishing their firearms to her (Arthur was carrying a .40 P94 semiautomatic pistol), id. at 22), they took the clerk into the back of the store.  Id. at 18.  There, they commanded her to take the money from the cash box (approximately $664) and put it in the black shaving kit that Arthur was carrying.  Id.  They then duct-taped the clerk's hands and feet and put her on the floor and, lastly, Arthur duct-taped her mouth as well.  Id. at 18-19.  Brown emerged from the backroom to tell customers who had now entered the store that someone would be right with them and, shortly thereafter, both men left the scene.  Id.  Both Arthur and Brown were apprehended a short distance away and their clothes and items used and obtained during the robbery (including the kit containing the $664) were found abandoned in their flight path and nearby dumpster.  Id. at 20-21.  Both loaded firearms, including the one brandished by Arthur, were also recovered from the dumpster.  Id. at 21.

At the June 28, 2013 sentencing, the Court concluded that the applicable Total Offense Level (after acceptance of responsibility) was 29.  PSR, ¶ 52.  This offense level reflects Arthur's status as a career offender given that the offense of conviction (i.e., the Hobbs Act robbery) was a crime of violence and he had at least two prior felony convictions for a crime of violence or a

controlled substance offense. PSR, ¶ 48. Given his career offender status, the applicable Criminal History Category was VI. PSR ¶ 53. Given the minimum mandatory, consecutive sentence of 84 months required for his Section 924(c) conviction, the guideline sentencing range ("GSR") under the advisory U.S. Sentencing Guidelines ("U.S.S.G.") was 262 to 327 months. PSR ¶ 53; D. 128-1 at 8. The Court declined to sentence Arthur to even the low end of this range, as the government advocated, id.; D. 122 at 1, but also rejected defense counsel's argument that a sentence of 130 months, D. 125 at 1; D. 128-1 at 8, was sufficient. The Court imposed a sentence of 228 months imprisonment (144 months on Count I, the Hobbs Act robbery conviction; 120 months on Count III, the felon in possession of a firearm and ammunition conviction to be served concurrently; and the minimum mandatory 84 months on Count II, the § 924(c) conviction to be served consecutively to the term imposed on Counts I and III), 5 years supervised release and a $300 mandatory special assessment. D. 128.

**IV.   Discussion**

    *1.   Ground One of the Petition*

Arthur filed the Petition in this case seeking habeas relief on two grounds. First, Arthur contends that his Hobbs Act conviction was not a "crime of violence" for the purposes of 18 U.S.C. 924(c) and, therefore, his conviction regarding same cannot stand. D. 223 at 4. He relies upon case law, primarily United States v. Davis, __ U.S. __, 139 S. Ct. 2319, 2336 (2019) which held that the residual clause of the definition of "crime of violence" under §924(c)(3)(B) was unconstitutionally vague.[1]  As the government points out, D. 232 at 2, Davis's challenge on this

---

[1] Arthur cites two cases that predate Davis that struck the residual clause of other statutes on similar grounds: United States v. Johnson ("Johnson II"), 576 U.S. 591, 597 (2015) (voiding residual clause definition of "violent felony" of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague); Sessions v. Dimaya, __ U.S. __, 138 S. Ct. 1204, 1215 (2018) (holding

ground fails since the First Circuit has squarely answered this question as to Hobbs Act robbery. It has held that Hobbs Act robbery satisfies the "force" clause of the definition of crime of violence under §924(c). United States v. Garcia-Ortiz, 904 F.3d 102, 106 (1st Cir. 2018) (rejecting challenge to the residual clause of §924(c) because defendant's "Hobbs Act robbery still qualifies as a crime of violence under the force clause of section 924(c)"); see, e.g., Diaz-Rodriguez v. United States, No. 22-1109, 2023 WL 5355224, at *1 (Aug. 14, 2023) (denying certificate of appealability for denial of habeas petition where petitioner's challenge to his §924(c) conviction, based upon an aiding and abetting Hobbs Act robbery predicate, under the residual clause "is inconsistent with the court's precedence" citing Garcia-Ortiz in which the court ruled that Hobbs Act robbery was a crime of violence under the force clause of that statute). Accordingly, where "[Garcia-Ortiz] remains good law after Davis," id., this ground for relief under the Petition fails.

    2.    *Ground Two*

In his second claim in the Petition, Arthur appears to be challenging both his § 924(c) conviction and his felony in possession of a firearm and ammunition conviction under 18 U.S.C. § 922(g)(1). D. 223 at 5. To the extent that he relies upon Davis in this ground to challenge his § 924(c) conviction again (as he did in Ground I), the Court denies that portion of Ground Two for the same reasons noted above. The Court turns to Arthur's challenge to his § 922(g)(1) conviction citing Johnson II, 576 U.S. at 597. Putting aside the untimeliness of this claim (given the years that passed after Johnson II issued in 2015 and Arthur filed his Petition here without sufficient cause explained for such delay), this claim fails on the merits. In Johnson II, the Supreme Court held that the residual clause of the "violent felony" definition under the ACCA, 18 U.S.C. § 924(e)

---

that residual clause of the definition of "crime of violence" under the Immigration and Nationality Act was impermissibly vague in violation of due process).

was unconstitutional. Id. This Court, however, did not sentence Arthur under the ACCA in this case. If that had been the case, as the government points out, D. 232 at 2, the Court would have been required to sentence Arthur to a minimum mandatory sentence of 15 years on the § 922(g)(1) conviction, 18 U.S.C. § 924(e)(1), and not the 10 years it imposed on Count III, which was a non-ACCA sentence. Even assuming *arguendo* that the Court had relied upon the residual clause of "crime of violence" in determining that Arthur was a career offender under the U.S.S.G., PSR ¶ 48, such finding would not "run afoul" of Johnson II, D. 232 at 3. This is true because after Johnson II, the Supreme Court has ruled that the advisory U.S.S.G. are not subject to void-for-vagueness constitutional challenges. Beckles v. United States, 508 U.S. 256, 267 (2017) ("hold[ing] that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness"); see Shea v. United States, 976 F.3d 63, 72 (2020) (discussing Beckles and its bar to void-for-vagueness challenges to post-Booker, advisory USSG sentences); see, e.g., Finch v. United States, 18-10006-PBS, 2020 WL 2079301, at *8 (D. Mass. Apr. 30, 2020) (denying challenge in habeas petition to sentencing as a career offender under USSG § 4B1.1). Accordingly, this second ground in the Petition fails.

For these reasons, the Court DENIES the Petition, D. 223, as initially filed.

   3.  *Other Grounds that Arthur Seeks to Add to the Petition*

Since filing the Petition, Arthur has filed several papers, D. 229 (filing an "affidavit" seeking relief under Rehaif v. United States, __ U.S. __, 139 S. Ct. 219 (2019)) and, more recently, D. 243-45 (moving for leave to amend the Petition). To the extent that these filings raise any grounds for habeas relief that the Court has not rejected in this Memorandum and Order, the Court

orders the government to file a response to them. Such response must be filed by October 23, 2023.

## V. Conclusion

For the foregoing reasons, the Court DENIES the Petition, D. 223, as initially filed. The Court will reserve on considering the additional grounds that Arthur has attempted to assert in his subsequent filings, D. 229, 243-45, until the Court has considered the government's response to same, which it must file by October 23, 2023.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge