UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>LYNCH E. ARTHUR, )<br>)<br>Defendant. )<br>) | Case No. 12-cr-10025 |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                                                            **January 30, 2024**

**I.      Introduction**

This Court denied the petition of Defendant Lynch E. Arthur ("Arthur") for *habeas* relief under 28 U.S.C. § 2255 (the "Petition"), D. 223, on September 30, 2023. D. 246. Given that Arthur had attempted to assert other grounds for relief in subsequent filings, D. 229, 243-45, the Court gave the government an opportunity to respond to those alternative grounds. Id. Having now considered Arthur's supplemental filings, D. 229, 243-45, and the government's opposition to same, D. 247, the Court DENIES Arthur's motions to amend the Petition on these grounds for the reasons explained below.

**II.     Discussion**

The Court incorporates by reference its articulation of the standard for review in § 2255 cases and its summary of the factual and procedural background in this case. D. 246 at 1-3.

   **A.     Motion to Amend Petition to Assert *Rehaif* Claim (D. 229)**

In D. 229, Arthur filed an affidavit seeking to assert a claim challenging his conviction on the felon in possession of a firearm charge under 18 U.S.C. § 922(g)(1), Count III, under Rehaif

1

v. United States, 588 U.S. \_\_, 139 S. Ct. 2191 (2019). D. 229 at 2. Arthur pled guilty to the three counts against him, including Count III, on March 13, 2013, D. 76, 79, approximately six years before the issuance of Rehaif. Under Rehaif, the Supreme Court ruled that for a defendant charged with a 18 U.S.C. § 922(g)(1) offense, the government must prove not only that he had been convicted of a felony before he possessed the firearm, but also that he knew he had such a felony. Rehaif, 139 S. Ct. at 2200. At the time of his March 2013 plea, Arthur did not assert or preserve an argument that the government had to prove his knowledge of his prior conviction. Accordingly, the error is forfeited and the plain error standard under Fed. R. Crim. P. 51(b) applies to Arthur's assertion of this claim. Greer v. United States, 593 U.S. 503, 507 (2021). Under this standard, Arthur would only be entitled to relief if he shows that: 1) there was an error; 2) the error was plain; and 3) the error affected "substantial rights," which "generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Id. at 507-08. Where a defendant has pled guilty, the last prong would be satisfied if Arthur showed that he would not have pled guilty if he had been informed that the government would have to prove that he knew he was a convicted felon at the time that he possessed the firearm. Id. at 508; United States v. Austin, 991 F.3d 51, 59 (1st Cir. 2021). If a defendant satisfies this showing, a court "may grant relief if it concludes "that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." Greer, 593 U.S. at 508 (internal citation and quotation marks omitted). The Supreme Court made clear that courts conducting plain error review, "may consider the *entire* record –not just the record from the *particular proceeding* where the [alleged] error occurred." Id. at 511 (emphasis in the original). Accordingly, as in Greer, this Court may consider relevant information from the entirety of the record, including the presentence report ("PSR").

Even accepting that Arthur satisfied the first two prongs (as to Rehaif error that was plain on the record), he cannot make the showing on the third prong, whether the error affected his substantial rights. Prior to the commission of the crimes charged in this case, Arthur had been previously convicted of several felonies and had served time in state prison and federal prison for terms of two years and a day, PSR ¶ 59, and 136 months (later reduced to 102 months), PSR ¶ 61. In fact, when he committed the crimes in this case, he was still under supervised release from his prior federal sentence. PSR ¶ 63. Where a defendant, like Arthur, has served such lengthy prison sentences, it has hard for him to assert "that he did not know he was a felon." Greer, 593 U.S. at 508; see United States v. Norris, 21 F.4th 188, 200 (1st Cir. 2021) (concluding that defendant had not shown plain error where his PSR indicated prior sentences of seven-to-nine years and four-to-five years and "[i]t would require something quite extraordinary to show that a person having received such sentences did not know a sentence in excess of one year was possible"). Accordingly, Arthur cannot satisfy the third prong of plain error review that the Rehaif error affected his substantial rights and, in the absence of same, the Court cannot conclude that any such error had a serious effect on the fairness, integrity or public reputation of judicial proceedings.

**B.     Motion to Amend as Assert that Attempted Hobbs Act Robbery and Conspiracy to Commit Hobbs Robbery are Not Crimes of Violence (D. 243)**

Arthur seeks to amend his Petition to assert a claim of ineffective assistance for the alleged failure of his counsel to preserve a challenge that neither attempted Hobbs Act robbery nor conspiracy to commit Hobbs Act robbery are crimes of violence for the purposes of 18 U.S.C. § 924(c), the charge against Arthur in Count II. D. 243 at 1-2 (citing United States v. Davis, 588 U.S. __, 139 S. Ct. 2319 (2019) and United States v. Taylor, 596 U.S. 845 (2022)).  This claim would also be futile to raise in the Petition because, as the government points out, Arthur was not charged with either attempted Hobbs Act robbery or conspiracy to commit Hobbs Act robbery in the operative, First Superseding Indictment.  D. 76.  Neither the Hobbs Act count, Count I, charges conspiracy or attempt to commit Hobbs Act robbery nor does the § 924(c) count, Count II, make reference to or incorporate such inchoate crimes.  The only Hobbs Act charge is for Hobbs Act robbery, which is a crime of violence, for all of the reasons explained in the Court's prior Memorandum and Order, D. 246 at 3-4.

**C.     Requesting Service of the Government's Opposition (D. 244)**

Counsel for the government notes that he may not have sent a copy of its response to the Petition directly to Arthur as he may have mistakenly believed that counsel who made an appearance for an intervening matter, Arthur's compassionate release motion, was also representing him as to this matter and would receive the government's filing via ECF. D. 247 at 6; see D. 231.  Recognizing that this was not the case, the government has now sent its original response, along with its supplemental filing, D. 247, to Arthur on October 23, 2023. D. 247 at 6, 9.

4

D.    **Amending Petition as to Alleged *Nasir* Error is Time Barred (D. 245)**

Relying upon a Third Circuit decision, United States v. Nasir, 17 F.4th 459 (3d Cir. 2021), Arthur seeks to amend the Petition to assert that reliance on one of his prior convictions, PSR ¶ 59 (reflecting several convictions, including but not limited to conspiracy to violate the controlled substances law), was not a proper predicate for career offender status since the Third Circuit concluded, in light of Kisor v. Wilkie, __ U.S. __, 139 S. Ct. 2400, 2414-15 (2019), that the USSG § 4B1.2(b) definition of "controlled substance offense" excludes inchoate offenses.  D. 245 at 1; Nasir, 17 F.4th at 470-72.  As to this claim, Arthur has not made a timely assertion of it as required under 28 U.S.C. § 2255(f), which requires that such motion must be filed within one year of the latest of:  1) the date the judgment became final; 2) the date on which an impediment created by the government "in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action"; 3) the date on which right asserted "was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.  Id.  As Arthur's 2013 conviction became final some years ago, there was no impediment of the government's making that applies here and the facts related to the claim (i.e., the nature of defendant's prior conviction) have been known to Arthur since at least the time of his sentencing, those three events do not apply for determining timeliness.  As the government correctly frames it, even assuming Nasir asserts a new right under the third alternative, § 2255(f)(3), it is not a right recognized by the Supreme Court and that court has not made any such right retroactive.  D. 247 at 8.  Moreover, even assuming *arguendo* that it did, Arthur's claim,

5

asserted for the first time on May 22, 2023, D. 245, is not timely where Nasir was decided in 2021 (and Kisor, on which the Third Circuit relied in part, was decided in 2019).

### III. Conclusion

For all of the foregoing reasons, Arthur's grounds for amending the Petition are futile and, accordingly, the Court DENIES the motions to do so, D. 229, 243 and 245.

As to this Memorandum and Order (denying the motions to amend the Petition) and the Court's prior Memorandum and Order denying the Petition, D. 246, Arthur may receive a certificate of appealability only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citation and internal quotation marks omitted). Based upon the analysis of the record and the applicable law in this Memorandum and Order, the Court does not, at this juncture, conclude that reasonable jurists would debate its conclusions. The Court, therefore, is not inclined to issue a certificate of appealability, but if will give Arthur until February 27, 2024 to file a memorandum if he seeks to address the issue of whether a certificate of appealability is warranted as to the Petition.

**So Ordered.**

/s Denise J. Casper
United States District Judge